**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 5:10-00065** |
| | ) | |
| **AARRON ROBINETTE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLEA AND SENTENCING ORDER**

On Tuesday, April 13, 2010, the United States appeared by counsel, John L. File, Assistant United States Attorney, and Defendant appeared in person and by his appointed counsel, Lex A. Coleman, Assistant Federal Public Defender, for the purpose of considering Defendant's plea to a single-count Information charging him with violating Title 18, U.S.C. §§ 1791(a)(1) and 1791(b)(5).

The Court began by placing the Defendant under oath and asking basic questions which established his identity. The Court then inquired of the Defendant, addressing him personally and through counsel, to determine the competency of Defendant to proceed, and the Court found the Defendant competent.

The Court advised Defendant of the nature of the charge contained in the Information and the maximum potential penalties for the alleged violation. The Court informed Defendant of his right to a trial and ample time to prepare for trial. Finding that Defendant understood his right to a trial and the consequences of entering a plea of guilty, the Court inquired whether the Defendant wished to plead guilty or go to trial, and Defendant indicated that he wished to plead guilty.

The Court ascertained that Defendant had received a copy of the Information. The Court then advised Defendant of the elements of the charge contained in the Information and informed him that

the United States would have to prove each element beyond a reasonable doubt before he could be convicted of the charged violation. Counsel for the United States explained the factual basis establishing that the Defendant committed the offense with which he was charged in the Information and the terms and conditions of a proposed sentence as Defendant had agreed to it. Defendant acknowledged that counsel for the United States had stated the factual basis accurately and affirmed that he was guilty as charged in the Information.

The Court further informed Defendant, pursuant to Rule 11, of the constitutional rights which he waived by pleading guilty. The Court then determined that Defendant understood those rights. The Court inquired of Defendant personally as to whether any threats or promises had been made to him to induce him to plead guilty, whether any predictions were made regarding the sentence he may receive, and whether he had any second thoughts about entering a plea of guilty, to which questions the Defendant replied in the negative. The Court determined that Defendant acted voluntarily and of his own free will when he agreed to enter a plea of guilty to the charge stated in the Information. The Court inquired of Defendant's counsel whether he concurred in Defendant's decision to plead guilty, and Defendant's counsel replied in the affirmative. The Court asked Defendant whether he had ample opportunity to discuss the case with his attorney and was satisfied with his attorney's services to which he responded in the affirmative. Defendant stated that he continued to wish to plead guilty, and entered a written plea of guilty which was accepted by the Court and ordered filed with the Clerk.

The Court, being satisfied that there existed a legal and factual basis for the plea, accepted Defendant's plea of guilty.  Accordingly, the Court adjudges the Defendant, and the Defendant now stands convicted of the offense charged in the Information.

2

After counsel for the Defendant, the Defendant, and the Assistant United States Attorney were given an opportunity to speak, the Court accepted the proposed sentence as Defendant had agreed to it, stated Defendant's sentence and hereby **ORDERS** that Defendant's sentence shall be as follows:

1.  A term of probation of five (5) years on the standard conditions of probation, and the following special conditions of probation pursuant to 18 U.S.C. § 3563 (b):

A.    Defendant shall serve a four month term of imprisonment in the custody of the Bureau of Prisons, to begin no later than 2:00 pm., April 19, 2010, subject to the following furloughs for military obligations:

1.    From 10:00 a.m., May 7, 2010, to 5:00 p.m., May 10, 2010;

2.    From 10:00 a.m., June 4, 2010, to 5:00 p.m., June 27, 2010; and

3.    From 10:00 a.m., July 9, 2010, to 5:00 p.m., July 15, 2010.

The Court recommends that the Defendant be designated to the South Central Regional Jail in Charleston, West Virginia.

B.  The Court understands that Defendant is a reservist and is expecting to be deployed overseas sometime after he completes his term of imprisonment. The Defendant shall contact the United States Probation Office in this District within 72 hours of his return to the United States from any overseas military deployment.

C.  Within 30 days of the Defendant's return to this District following the completion of his military  deployment, the Defendant shall notify the Bureau of Prisons of his return, report to a community corrections facility designated by the Bureau of Prisons and shall reside there and participate in its programs for a term of three months. The Defendant shall be permitted to be

furloughed for military obligations. The Court recommends that the Defendant be designated to Dismas Charities, Inc., a community corrections facility located in Charleston, West Virginia.

D.  Fine in the amount of $3,400 to be paid during the term of probation.  Payment shall be considered a term and condition of probation.  Payments shall be forwarded to the United States District Clerk's Office, Post Office Drawer 5009, Beckley, West Virginia 25802.

E. The Defendant shall not possess a firearm, destructive device, or other dangerous weapon, except as may be required for his military  obligations, in which event, they shall be stored away from the Defendant's residence.

F.  The Defendant shall not seek employment as a correctional officer or law enforcement officer during the term of probation.

G.  Defendant's term of probation shall be held in abeyance while he is on military deployment outside of this District.

The Court advised Defendant of his right to appeal.

The Clerk is directed to send a copy of this Order to the Defendant, counsel of record, the United States Marshal for the District, and the Probation Office of the Court.

ENTER: April 15, 2010.

R. Clarke VanDervort
United States Magistrate Judge